**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BENJAMIN POITEVINT,

    Plaintiff,

vs.                                        CASE NO. 3:10-cv-700-J-12TEM

DYNAMIC RECOVERY SERVICES, INC.,
a corporation, and ROBERT TEH,
an individual,

    Defendants.

_____

**O R D E R**

This matter is before the Court on Plaintiff's motion for entry of clerk's default (Doc. #10).[1] For the reasons stated herein, the Motion will be granted.

In the Motion (Doc. #10), Plaintiff requests entry of a clerk's default as to Defendant Dynamic Recovery Services, Inc. and Defendant Robert Teh for failure to plead or otherwise defend this action (Doc. #10). Rule 55 of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

This action was brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* In this instance, Plaintiff filed the original complaint (Doc. #1) against Dynamic Recovery Services, Inc. ("Defendant Dynamic") on August 11, 2010. Thereafter, on August 26, 2010, the summons on the original complaint was returned

---

[1]Plaintiff designates the Motion (Doc. #10) as an "amended motion"; however, a prior motion for entry of clerk's default was not entered on the Court's docket.

executed, with a service date of August 20, 2010 (*see* Doc. #7).[2] As a result, Defendant Dynamic would have had until September 10, 2010 to file an answer or otherwise respond. *See* Fed. R. Civ. P. 12. To date, Defendant Dynamic has not filed a response to the original complaint.

On September 22, 2010, Plaintiff filed an amended complaint (Doc. #8), adding Mr. Robert Teh as an additional defendant. Mr. Teh is the CEO of Dynamic Recovery Services, Inc.[3] Apart from adding Mr. Teh as a party-defendant, the amended complaint (Doc. #8) neither asserts new claims, nor contains any substantive changes. On October 28, 2010, service was returned executed as to Mr. Teh, with a service date of October 18, 2010 (Doc. #9 at 2). Therefore, a response would have been due on or before November 8, 2011. *See* Fed. R. Civ. P. 12. To date, no response has been filed.

Plaintiff did not serve the amended complaint upon Defendant Dynamic; however, Plaintiff mailed a copy of the amended complaint to Defendant Dynamic *via* U.S. Mail (*see* Doc. #8 at 10, Certificate of Service).

Plaintiff filed the instant motion on November 22, 2010, and requests entry of a clerk's default as to Defendant Dynamic Recovery Services, Inc. and Defendant Robert Teh pursuant to the operative amended complaint (Doc. #10).

Under Federal Rule of Civil Procedure 5(a)(2), service is not required on a party in default; however, a pleading that asserts a new claim for relief against such a party must

---

[2] Defendant Dynamic was served at its registered agent's address. *See* FLORIDA DEPARTMENT OF STATE DIVISION OF CORPORATIONS, http://www.sunbiz.org (last viewed Jan. 20, 2011).

[3] *See* FLORIDA DEPARTMENT OF STATE DIVISION OF CORPORATIONS, http://www.sunbiz.org (last viewed Jan. 20, 2011).

be served on that party under Rule 4. Fed.R.Civ.P. 5(a)(2). But, "[w]here changes made in an amended complaint are not substantial, the requirement of [Rule 5(a)(2)] that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2008) (*internal quotations omitted*); *see Blair*, *supra*, 522 F.3d at 109-10 (refusing to dismiss an unserved amended complaint where the amended complaint was substantively identical to the original); *see also Orocovis Petroleum Corp. v. Puerto Rico Ports Authority*, No. 08-2359 (GAG/BJM), 2010 WL 3420004, at *1 (D. Puerto Rico Aug. 2, 2010) (finding, "because the changes made in the amended complaint were not substantial, additional service of process on the original defendants was not required and the amended complaint should be used to determine the sufficiency of the claims").[4]

Review of the record indicates that both defendants were properly served a summons and copy of the complaint and neither party has made an appearance. Since Defendant Dynamic was in default when the amended complaint was filed, Plaintiff was not required to serve the amended complaint upon it since it does not assert new claims against Defendant Dynamic. *See* Fed. R. Civ. P 5(a)(2).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's motion for entry of clerk's default (Doc. #10) as to Defendant Dynamic Recovery Services, Inc. and Defendant Robert Teh is **GRANTED**. The Clerk is directed to enter the default.

---

[4] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

2. Plaintiff is directed to serve a copy of this Order, along with the Clerk's Default, on Defendants. Thereafter, Plaintiff shall file a certificate of service with the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of January, 2011.

Copies to:
All Counsel of Record
*Pro Se* Parties, if any

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge